UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 14-86-HRW

BRENDA SUE KELLEY,                                                         PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on May 5, 2011, alleging disability beginning on April 8, 2011, due to depression, anxiety diabetes and problems with her knees (Tr. 149). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jerry Meade (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 13-23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis, diabetes and morbid obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 15-17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17-18).

The ALJ further found that Plaintiff could not return to her past relevant work as a higher education job coach (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567 with certain exceptions as set forth in the hearing decision (Tr. 18-21).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only contention on appeal is that the ALJ erred in determining that her anxiety and depression were not "severe" as set forth at Step 2.

It is the burden of the claimant to prove the severity of her impairments. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863.

In this case, the ALJ relied upon the report of consultative examiner, licensed psychologist, Thomas Thornberry, MA. Mr. Thornberry examined Plaintiff on June 29, 2011. In his report, he remarked that Plaintiff was neatly dressed, with normal attention and concentration, orientation, and memory (Tr. 250). Plaintiff had normal thought content, speech, and affect, among other measures (Tr. 251). Mr. Thornberry gave Plaintiff a GAF score of 70, indicating only mild limitations (Tr. 251). More specifically, he said that Plaintiff would not have any limitations with simple, repetitive tasks and she would have only "slight" limitations in handling work stresses, supervision, and coworkers (Tr. 251). The relatively benign findings of Mr. Thornberry do not amount to impairments which "significantly limits [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520( c ). Indeed, An impairment is not severe if it is only a "slight abnormality . . . that has no more than a minimal effect on the ability to do basic work activities." SSR 96-3p, 1996 WL 374181, at *1.

4

The ALJ also considered Plaintiff's daily activities in assessing her concentration, persistence, or pace. He noted that Plaintiff performs a number of household chores, cares for her aging mother who had suffered a stroke, handles her own finances, goes to church three times a week, and goes out with her family or friends occasionally. Tr. 162-66. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 150 (6th Cir. 1990) ("Young takes care of her personal needs and finances, she dusts, washes dishes, goes grocery shopping, cooks, reads, watches television for several hours, drives an automobile and runs various errands, and she occasionally dines out and goes to the movies. We find that this evidence amply supports the Secretary's finding that Young's daily activities are no more than slightly restricted.").

Plaintiff maintains that the medical record is replete with descriptions of her as tearful and stressed. However, the mental status examinations showed only slight impairment and, further, establishes that mediation was relieving her symptoms.

As for Plaintiff's emphasis on a note by Dr. Haziq that she was depressed and anxious, it carries little weight. Yet Dr. Haziq was concerned with Plaintiff's physical impairments, and he did not perform a psychological examination (*see* Tr. 456-60). His cursory observation is contradicted by Mr. Thornberry's report.

Based upon the record, there appears to be no objective evidence that Plaintiff's anxiety and depression qualify as "severe" at Step 2.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

Henry R. Wilhoit, Jr., Senior Judge